UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FELIPE ALMONTE,                          :
        Plaintiff,                 :
                                   :
    v.                             :          CA 08-529 ML
                                   :
RICARDO M. SILVA, et al.,                :
        Defendants.                :

**ORDER**
**DENYING WITHOUT PREJUDICE**
**MOTION TO PROCEED IN FORMA PAUPERIS**

    Plaintiff Felipe Almonte ("Plaintiff") has filed a Complaint (Document ("Doc.") #1) in this Court and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), see Affidavit in Support of Request to Proceed in Forma Pauperis (Doc. #2) ("Affidavit"). The Court treats the Affidavit as a motion.

    Although Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a)(1), he has not submitted a certified copy of his prisoner trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the Complaint, obtained from an appropriate official at the Adult Correctional Institutions ("A.C.I."), where Plaintiff is currently confined, as directed by 28 U.S.C. § 1915(a)(2).[1]

---

[1] Section 1915(a) provides that:

  (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
  (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of

Accordingly, Plaintiff's motion to proceed in forma pauperis is denied without prejudice.  Plaintiff may refile the motion along with a certified[2] copy of his prisoner trust fund account statement (or institutional equivalent), obtained from an appropriate official at the A.C.I., by January 20, 2009.[3]

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
December 30, 2008

---

      fees or security therefor, in addition to filing the affidavit filed under paragraph (1), **shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal**, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a) (bold added).  Plaintiff states that he "was found to be indigent by this Court October 2008 in CA #08-354 S, Almonte v. A.T.Wall, and my situation has not change[d] since."  Affidavit at 1. However, Plaintiff is required to submit an updated Inmate Statement, one which is certified by an appropriate official at the Adult Correctional Institutions ("A.C.I.").  See 28 U.S.C. § 1915(a)(2).

    [2] The prison official must certify that the statement is accurate (including that the account balance is correctly stated), compute and certify the average balance for the six month period preceding the filing of the Complaint, and sign the statement.

    [3] The Court notes that Plaintiff is still required to pay the statutory filing fee of $350.00 for this action.  Pursuant to the Prison Litigation Reform Act of 1995 ("the Act"), adopted April 25, 1996, and codified at 28 U.S.C. § 1915(b)(1), a prisoner seeking to file in forma pauperis must pay as an initial filing fee the greater of twenty percent (20%) of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his petition.  Subsequently, a prisoner must pay monthly twenty percent (20%) of the previous month's balance in his or her account.